Wachtler, J.
(dissenting). The conclusion of the majority that the evidence seized from the trunk of defendant’s automobile was properly admitted at trial is based on the premise that since there existed probable cause to arrest there was probable cause to seize the defendant’s vehicle and, furthermore, probable cause to search the trunk. I disagree.
The evidence seized from the trunk of the impounded car while the car was in the Sheriff’s parking lot should have been suppressed. The search here was not justified as incident to an arrest, nor as an inventory search. Moreover, since the vehicle had been impounded and towed to the Sheriff’s parking lot at a time when the defendant was in custody, there was no danger that the evidence could he destroyed or spirited away.
There was probable cause for the arrest and sufficient probable cause to obtain a search warrant. However, absent exigent circumstances,* I cannot agree that this justified a warrantless search.
Chief Judge Breitel and Judges Gabrielli, Jones, Babin and Stevens concur with Judge Wither* ; Judge Wachtler dissents and votes to reverse in a separate opinion.
Order affirmed.

 See People v. Brosnan (32 N Y 2d 254, 263, Wachtler, J., dissenting).

 Designated pursuant to section 2 of article VI of the State Constitution.